DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:06 CR 270 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | MEMORANDUM OPINION ANALYZING THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. Section 3553(a) |
| Daniel Carter, | ) ) | |
| Defendant. | ) | |

Introduction

The Court conducted the sentencing hearing of the defendant Daniel Carter. The Court determined that the defendant's total offense level was 19 with a criminal history category of V calling for a sentencing range under the advisory sentencing guidelines of 57 to 71 months. At the conclusion of the sentencing hearing, the Court sentenced the defendant to confinement for a period of 60 months with supervised release for a period of three years.

II. The Analysis Required by 18 U.S.C. § 3553(a)

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a) Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

**(1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

(1:06 CR 270)

The offense conduct is set forth as follows:

> Beginning at least as early as March of 2005, and continuing through June of 2006, the exact dates unknown, Daniel Carter, aka Daniel Carien, the defendant herein, and others known and unknown, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree together and with each other, and with diverse others known and unknown, to possess with the intent to distribute and to distribute Cocaine Base. The defendant is being held accountant for at least 4 grams but less than 5 grams of a mixture or substance containing a detectable amount of cocaine base ("crack").
>
> Specifically, it was part of the conspiracy that Daniel Carter, aka Daniel Carien would buy or receive quantities of crack cocaine from other dealers in Youngstown, Ohio. Thereafter, Carter would sell quantities of cocaine base ("crack") to his customers in the greater Youngstown, Ohio area. Also, on or about April 6 and 12, 2005, Daniel Carter, aka Daniel Carien attempted to sell an amount of crack cocaine to an informant who was working with the FBI.

The defendant is a 26 year old male with a lengthy criminal history which includes; Receiving Stolen Property, Assault, Attempted Drug Abuse, Drug Abuse, Trafficking in Drugs, and several Driving Under Suspension convictions. The defendant indicated that he grew up in a home where his mother abuse drugs and the family suffered from mental abuse. The defendant is the father of an 18 month old child and is expecting his second child in January 2007.

The defendant reported working at Crystal's Bar as a dishwasher, earning $5.15 per hour, prior to his incarceration. However, he states he lost this job due to his incarceration. He also mentioned working through temporary agencies when needed. At this time, the defendant is unemployed and is receiving social security income in the amount of $402.00 per month for his disability, which is mental retardation.

(1:06 CR 270)

Mr. Carter reported that he has a history of drug use stating at the age of 14 up until the time of his arrest in the instant federal offense. He reported that he used cocaine 1-2 times per week and marijuana once a week until his arrest.

The defendant's acceptance of responsibility of set forth in 34 of the presentence report as follows:

> "I, Danny Carter, on April 6 and 12, 2005, did knowingly and intentionally distribute a mixture or substance of cocaine. I sold a small quantity to a undercover agent. I had to support my little bay and I also had a drug habit."

**(2) The Need for the Sentence Imposed**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

The sale of crack cocaine is a serious offense. A substantial sentence is required to promote respect for the law and provide just punishment.

**(B) to afford adequate deterrence to criminal conduct;**

The imposed sentence of 60 months will provide adequate deterrence to criminal conduct.

**(C) to protect the public from further crimes of the defendant;**

The substantial sentence of 60 months may protect the public from further crimes, but it is wishful thinking to think that such a sentence will guarantee no further conduct.

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

A sentence of 60 months will give the defendant an opportunity to increase his education and seek employment in Prison Industries to the end that he will have employment skills upon

3

(1:06 CR 270)

release from incarceration. He should also have the opportunity to engage in drug treatment programs while incarcerated.

## **CONCLUSION**

For the reasons set forth herein, a sentence of 60 months with supervised release for three years and within the advisory guideline range, is a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a)(2).

IT IS SO ORDERED.

| | |
|---|---|
|  November 7, 2006 |   */s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |